Marc V. Kalagian
Attorney at Law: 4460
Law Offices of Lawrence D. Rohlfing, Inc., CPC
12631 East Imperial Highway Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562) 868-5886
Fax: (562) 868-8868
E-mail: marc.kalagian@rksslaw.com

Leonard Stone
Attorney at Law: 5791
Shook & Stone
710 South 4th Street
Las Vegas, NV 89101
Tel.: (702) 385-2220
Fax:  (702) 384-0394
E-mail: Lstone@shookandstone.com

Attorneys for Plaintiff
Mikeeta Diann Blair

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MIKEETA DIANN BLAIR, | ) Case No.: 2:26-cv-00109-MDC |
| | ) |
| Plaintiff, | ) STIPULATION AND ORDER FOR |
| | ) THE AWARD AND PAYMENT OF |
| vs. | ) ATTORNEY FEES AND EXPENSES |
| | ) PURSUANT TO THE EQUAL |
| FRANK BISIGNANO, | ) ACCESS TO JUSTICE ACT, 28 |
| Commissioner of Social Security, | ) U.S.C. § 2412(d) AND COSTS |
| | ) PURSUANT TO 28 U.S.C. §§ 1920; |
| Defendant. | ) 2412; DECLARATION OF MARC V. |
| | ) KALAGIAN |
| | ) |
| | ) |

TO THE HONORABLE MAXIMILIANO D. COUVILLIER,

MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

IT IS HEREBY STIPULATED, by and between the parties through their

undersigned counsel, subject to the approval of the Court, that Mikeeta Diann Blair

-1-

("Blair") be awarded attorney fees in the amount of one thousand and nine hundred dollars ($1,900.00) and no expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. §§ 1920; 2412.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

Attorneys' fees awarded under the EAJA must be reasonable, but it is for the district court to determine what fee is reasonable.  *Nerio Mejia v. O'Malley*, 120 F.4th 1360, 1363-1364 (9th Cir. 2024).  In this matter the parties agree that Plaintiff is the prevailing party, that Plaintiff is eligible to receive an award of the requested fees and costs, that the decision of the ALJ was not substantially justified, and no special circumstances make an award unjust.  The Court should also consider the results achieved.  Remand was obtained through voluntary consent and agreement of the parties. Through Counsel for the parties efforts, litigation was avoided in this matter and the time expended was reasonable.

Therefore, Avist is entitled to reasonable attorneys' fees based on the hours reasonably expended (attached hereto as Exhibit 2) multiplied by the prevailing rate as set by the Ninth Circuit Court of Appeals[1] and as compared to other EAJA awards at the district court level within the Ninth Circuit. *See Ortiz v. Comm'r of Soc. Sec.*, No. 2:21-cv-01563 KJM DMC, 2025 LX 334420 (E.D. Cal. Aug. 18, 2025) (granting EAJA fees of $11.036.00); *Costa v. Comm'r of SSA*, 690 F.3d 1132 *1133-37 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."). The hours performed in Blair's case total 8.92.

[1] See, Statutory Maximum Rates Under the Equal Access to Justice Act
https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/

-2-

After the Court issues an order for EAJA fees to Blair, the government will consider the matter of Blair's assignment of EAJA fees to Marc Kalagian.  The retainer agreement containing the assignment is attached as exhibit 1.  Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Blair, but if the Department of the Treasury determines that Blair does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, Inc., CPC, pursuant to the assignment executed by Blair.[2] Any payments made shall be delivered to Law Offices of Lawrence D. Rohlfing, Inc., CPC. Counsel agrees that any payment of costs may be made either by electronic fund transfer (EFT) or by check.

This stipulation constitutes a compromise settlement of Blair's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Blair and/or Marc Kalagian including Law Offices of Lawrence D. Rohlfing, Inc., CPC, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Marc Kalagian and/or the Law Offices of Lawrence D. Rohlfing, Inc., CPC, to seek Social Security Act

---

[2] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

We certify that Artificial Intelligence was not used to prepare the foregoing document.

DATE: May 1, 2026        Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING, INC., CPC

BY: /s/ *Marc V. Kalagian* [3]
Marc V. Kalagian
Attorney for plaintiff
MIKEETA DIANN BLAIR

DATED: May 1, 2026        SIGAL CHATTAH
First Assistant United States Attorney

/s/ *Christopher Vieira*
CHRISTOPHER VIEIRA
Special Assistant United States Attorney
Attorneys for Defendant
FRANK BISIGNANO, Commissioner of Social
Security (Per e-mail authorization)

**ORDER**

IT IS SO ORDERED:

HON. MAXIMILIANO D. COUVILLIER, III
UNITED STATES MAGISTRATE JUDGE

DATED:  May 4, 2026

---

[3] Counsel for the plaintiff attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

-4-

**DECLARATION OF MARC V. KALAGIAN**

I, Marc V. Kalagian, declare as follows:

1. I am an attorney at law duly admitted to practice before this Court in this case.  I represent Mikeeta Diann Blair in this action.  I make this declaration of my own knowledge and belief.

2. I attach as exhibit 1 a true and correct copy of the retainer agreement with Mikeeta Diann Blair containing an assignment of the EAJA fees.

3. I attach as exhibit 2 a true and correct copy of the itemization of time in this matter.

4. I have been practicing Social Security law since 1990.  I have a Distinguished rating with Martindale Hubbell.  The hourly rate I seek is supported by the rate determinations for my services in other Social Security cases in this District.  *See, Romero v. Bisignano*, 2:25-cv-01521-BNW (D. Nev. December 22, 2025);  *Mia L. M. v. Bisignano*; 2:24-cv-01107-DJA (D. Nev. July 9, 2025);  *Avila v. Bisignano,* 2:24-cv-00690-EJY (D. Nev. May 19, 2025); *Nalbandian v. Dudek,* 2:24-cv-01946-BNW (D. Nev. May 2, 2025; *Perez Luna v. Dudek,* 2:24-cv-00550-DJA (D. Nev. April 15, 2025); *Garrison v. O'Malley,* 2:23-cv-01063-NJK (D. Nev. October 24, 2024;  *Smith v. O'Malley,* No. 2:24-cv-00278-BNW (D. Nev. October 10, 2024);  *Michelin v. Kijakazi*, No. 2:23-cv-0547-NJK, Docket No. 17 (D. Nev. Oct. 26, 2023).

5. Matthew Holmberg has been practicing Social Security law since 2018.  Matthew Holmberg is an experienced attorney in Social Security disability law and has practiced exclusively in this field since being admitted to the State Bar of California on June 4, 2018.  Matthew Holmberg's extensive experience includes handling, preparing clients

for, and participating in over 500 administrative hearings before the Social Security Administration.  Matthew Holmberg has also represented over 260 clients on appeal before the Federal District Court, appealing their denial of either Supplemental Security Income or Disability Insurance Benefits.  The Ninth Circuit has held that "rate determinations in other cases [in that community], particularly those setting a rate for the [specific] attorney[s]" at issue, may provide satisfactory evidence as to the prevailing hourly rate.  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  The requested hourly rate of $258.46 per attorney hour sought by both Matthew Holmberg (MFH) and me (MVK) are in accordance with those the Court has awarded to us in other Social Security cases in this District.  *See, e.g., Will Watkins v. Bisignano,* No. 2:24-cv-00793-MDC, Docket No. 19 (D. Nev. Aug. 21, 2025) (awarding EAJA fees of $6,938.63 for 24.9 attorney hours at $251.84 per hour = $6,270.82 and 4.67 paralegal hours at $179 per hour = $835.93; $6,270.82 + $835.93 = $7,106.75 settled to a total EAJA fee of $6,938.63); *Heather Dawn I., v. O'Malley,* No. 2:24-cv-00225-NJK, Docket No. 19 (D. Nev. Aug. 29, 2024) (awarding EAJA fees of $4,500.00 for 15.83 attorney hours at $244.62 per hour = $3,872.33 and 3.57 paralegal hours at $179.00 per hour =$639.03; $3,872.33 + $639.03 = $4,511.36 settled to a total EAJA fee of $4,500.00);  *Darren D. Caudill v. O'Malley,* No. 2:24-cv-00061-MDC, Docket No. 27 (D. Nev. Aug. 6, 2024) (awarding EAJA fees of $6,680.00 for 24.86 attorney hours at $244.62 per hour = $6,081.25 and 3.37 paralegal hours at $179.00 per hour = $603.23; $6,081.25 + $603.23 = $6,684.48 settled to a total EAJA fee of $6,680.00; MFH performed 23.84 attorney hours and MVK

performed 1.02 attorney hours); *Zakkary C. Erevia v. O'Malley,* No. 2:24-cv-00637-DJA, Docket No. 15 (D. Nev. July 15, 2024) (awarding EAJA fees of $1,571.67 for 4.8 attorney hours at $244.62 per hour = $1,174.18 and 2.65 paralegal hours at $179.00 per hour = $474.35; $1,174.18 + $474.35 = $1,648.53 settled to a total EAJA fee of $1,571.67; MFH performed 4.35 attorney hours and MVK performed 0.45 attorney hours).

6. Enedina Perez, who performs the bulk of the paralegal work for cases pending appeal before the District Court, has been with this law firm since August 1998 and had one year of paralegal experience at another firm before joining this firm.  Enedina Perez coordinates all aspects of a client's case when it is pending appeal before the District Court, including communicating with the clients by telephone, email, and preparing letters with status, answering client questions, preparing legal documents for filing, filing legal documents, ensuring compliance with legal procedures and deadlines, scheduling deadlines, managing case documentation to ensure information is easily accessible for attorneys, etc.

7. All of the time commitments were or will be done on this case on a contingency fee basis.

8. I rely on the Ninth Circuit's calculation of the maximum hourly rates as published on the Court's website for the attorney rate in 2025. See https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

9. For paralegal rates, *Monica Branch-Noto v. Sisolak*, 618 F.Supp.3d 990, 995 (D. Nev. 2022), found that the local rates for paralegals were then between $125 and $175 per hour.  The rates applicable to a claimant

seeking review of the final decision of the Commissioner denying disability benefits should always rest on the upper end of the range cited by Judge Dorsey. That is $175 per hour—in 2022. In *Baluma Sa v. Mengle*, 2025 U.S. Dist. LEXIS 3370, at *5, 2025 WL 48932 (D. Nev. Jan. 8, 2025), the Court awarded fees for one paralegal and three attorneys with rates from $295 to $525 per hour. Considering the inflationary increase based on the rates published by the Ninth Circuit, *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/, the rate of $175 should reach up to $202 by December 2024. Fees should keep with inflation. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

10. The firm files a significant part of the Social Security disability actions as referred from other law firms that either do not practice before the court or have very limited practices before the court. Some of those lawyers and non-attorney representatives are Welt Law, Shook & Stone Chtd., and Disability Law Center of Nevada. This law firm also files a significant number of actions for people whose attorneys have abandoned them at the termination of the administrative process or who had no representation before the Social Security Administration.

11. I am not aware of any members of the Social Security bar who would have undertaken this litigation at the EAJA statutory rate of $125.00 per hour.

12. Counsel for the parties have conferred about the instant request. The lodestar amount is $2,057.55. The Commissioner does not oppose the requested amount and stipulates to an award to Plaintiff of $1,900.00 in fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and no costs under 28 U.S.C. § 1920.

-8-

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this May 1, 2026, at Santa Fe Springs, California.


/s/ *Marc V. Kalagian*

_____

Marc V. Kalagian

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 12631 East Imperial Highway, Suite C-115, Santa Fe Springs, California  90670.

On this day of May 1, 2026, I served the foregoing document described as STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Ms. Mikeeta Diann Blair
6057 Ryan Ranch Avenue
Las Vegas, NV 89130

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Santa Fe Springs, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of this court at whose direction the service was made.

Marc V. Kalagian    ___             /S/ *Marc V. Kalagian*_____
TYPE OR PRINT NAME                         SIGNATURE